IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACK SCHENK, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 17 C 7529 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| KNIGHTSCOPE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jack Schenk has brought a five count complaint against his former employer, Knightscope, Inc., alleging claims for: (1) breach of his employment contract; (2) unjust enrichment; (3) breach of Cal. Lab. Code § 200; (4) breach of fiduciary duty; and (5) accounting, in Counts I through V respectively. Defendant has moved to dismiss pursuant to Rule 12(b)(2), (3), (6) for lack of personal jurisdiction, improper venue, and failure to state a claim. For the reasons discussed below, defendant's motion to dismiss for lack of personal jurisdiction is granted and the case is dismissed without prejudice.

**BACKGROUND**

Defendant Knightscope produces autonomous security robots designed to aid in physical security processes. Defendant is incorporated in Delaware with its principal and only physical place of business in Mountain View, California. Defendant is not registered to transact business in Illinois, and has no office in Illinois.

On or about November 20, 2015, plaintiff, who resided in Illinois, travelled to defendant's office in California to discuss a possible employment agreement for plaintiff to become a "V.P. Business Development." The specific terms of the agreement were negotiated , on November 23,

2015, between plaintiff and defendant via either telephone (Skype) or email, with plaintiff in Illinois and defendant in California. The parties executed the agreement electronically in counterparts on November 25, 2015. The agreement was "at-will," and provided that plaintiff could work remotely from anywhere and that it should be interpreted under California law.

Plaintiff worked out of his home in Illinois. His job was essentially to sell defendant's robots to security companies. The parties' dispute how much business plaintiff actually generated, but it is undisputed that he sold no robots to or acquired any clients located in Illinois.

Plaintiff claims that the customers to whom he did sell robots began to complain about the robots' performance. He raised these concerns weekly with defendant's Board of Management ("BoM"). He claimed that the robots' lack of reliability made his job more difficult, and tarnished his reputation within the industry. His weekly complaints to the BoM resulted in a deterioration of his relationship with the company and, in particular, with William Lei, its chairman and chief executive officer. On August 17, 2017, defendant terminated plaintiff. Plaintiff claims that at the time of termination defendant owed him $112,177.26 in earned but unpaid commissions, including revenue generated by sales contracts generated by him under which the customers had not yet begun to pay.

## DISCUSSION

Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(2), arguing that the court lacks personal jurisdiction over it. Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). When ruling on a motion to dismiss for lack of personal jurisdiction, the court accepts as true "all

well-pleaded facts alleged in the complaint and resolve[s] any factual disputes in the affidavits in favor of the plaintiff."  Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012).

This court has personal jurisdiction over a non-resident, non-consenting defendant in a diversity case if Illinois state courts would have jurisdiction.  Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 779 (7th Cir. 2003).  An Illinois state court has personal jurisdiction when authorized by:  (1) the Illinois Long-Arm Statute; (2) the Illinois Constitution; and (3) the due process clause of the United States Constitution.  Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 939 (7th Cir. 2000). The Illinois Long-Arm Statute authorizes courts to exercise jurisdiction to the fullest extent allowed by the Illinois and Federal Constitutions.  735 ILCS 5/2-209 (c); Hyatt Int'l Corp., 302 F.3d at 714.  Therefore, the inquiry collapses into an examination of whether jurisdiction over defendant complies with the test as set forth in International Shoe Co. v. Washington, 326 U.S. 310 (1945), which requires that defendant, although not required to be physically present in the territorial jurisdiction of the court, to have minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice embodied in the due process clause of the Fourteenth Amendment."  International Shoe Co., 326 U.S. at 316.

The test varies depending upon whether plaintiff asserts general or specific jurisdiction. General jurisdiction, under which a court may hear any claim against the defendant, applies only when the defendant has "continuous and systematic business contacts" in the forum state.  Kohler Co. v. Kohler Int'l, Ltd., 196 F.Supp.2d 690, 696 (N.D. Ill. 2002) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984)).  The threshold test is high; the

defendant's affiliation with the forum must be so continuous and systematic as "to render [it] essentially at home in the forum State." Goodyear Dunlap Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). "The 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business." BNSF Ry. Co. v. Tyrrell, __ U.S. __ 137 S.Ct. 1549, 1558 (2017) (quoting Daimler AG v. Bauman, 571 U.S. 117, 134 S.Ct. 746, 760 (2014)). "The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State." Id.

Specific jurisdiction, on the other hand, refers to instances in which the defendant's contacts with the forum state "directly relate to the challenged conduct or transaction." Tamburo v. Dworkin, 601 F.3d 693, 702 (7th Cir. 2010). "The defendant's suit-related conduct must create a substantial connection with the forum State." Waldon v. Fiore, __ U.S. __, 134 S.Ct. 1115, 1121 (2014). "The defendant, rather than the plaintiff or a third party, must create these contacts." ABN AMRO, Inc. v. Capital Int'l Ltd., 595 F.Supp.2d 805, 820 (N.D. Ill. 2008). A federal court has specific jurisdiction when: "(1) the defendant has purposefully directed [its] activities at the forum State or purposefully availed [itself] of the privilege of conducting business in that state, and (2) injury arises out of the defendant's forum related activities." Tamburo, 601 F.3d at 702 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 463, 472 (1985)).

In the instant case, it is unclear whether plaintiff is asserting specific or general jurisdiction, or perhaps both. Indeed, as defendant has suggested, plaintiff's brief appears to conflate the two concepts. For example, plaintiff argues that defendant "is constructively present in Illinois, and therefore amenable to suit, by virtue of the business that it conducted through

4

[plaintiff] . . ..".  It is unclear to the court if plaintiff is arguing that his mere presence in Illinois is sufficient to subject defendant to general jurisdiction, open to suit in Illinois by anyone for any claim, or whether he is attempting to suggest that his presence in Illinois means he can sue defendant in Illinois based on the claims in the instant complaint.  No matter, for jurisdiction is lacking under either theory.

General jurisdiction is a non-starter.  There is simply no evidence even to suggest, let alone establish a prima facie case, that defendant has such "continuous and systematic" activity in Illinois that it can be said to be at home here.  Indeed, defendant's only activity in Illinois, outside of plaintiff's activity (of which the court knows very little), was to attend two meetings.  The first, on February 27, 2017, was a meeting with investors.  The second was on September 14, 2017, to attend a marketing event.  This activity is not "so substantial and of such a nature" as to consider defendant at home in Illinois.  BNSF Ry. Co., 134 S.Ct. at 760.

Plaintiff fares no better under specific jurisdiction.  To establish a prima facie case of specific personal jurisdiction, plaintiff must show that defendant's conduct in connection with Illinois is substantial enough to make it reasonable for defendant to anticipate that it could be haled into court here.  Northern Grain Mkting, LLC v. Greving, 743 F.3d 487, 492 (7th Cir. 2014).  "This purposeful-availment requirement insures that a defendant's amenability to jurisdiction is not based on 'random, fortuitous, or attenuated contacts' but instead 'on contacts that demonstrate a real relationship with the state with respect to the transaction at issue.'"  Id. (quoting Burger King, 471 U.S. at 474).

"[C]ontracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts in the other party's home forum."  Id. (citing Purdue Res. Found., 338 F.3d at

5

781. Instead, the court must conduct a "context-sensitive analysis of the contract, examining prior negotiations, contemplated future consequences, the terms of the contract, and the parties' course of actual dealing with each other." Id. "[W]hich party initiated or solicited a business transaction has long been considered pertinent to the constitutional propriety of personal jurisdiction and a suit arising out of the transaction." Id.

In the instant case, it is unclear who initiated the talks between the parties, but it is undisputed that plaintiff travelled to California to meet with and begin negotiating with defendant. The remainder of the negotiations took place via telephone or email, with plaintiff apparently in Illinois and defendant in California. The contract provides that California law governs, but contains no forum selection clause. Plaintiff argues that this evidences that defendant anticipated that it may be sued elsewhere. That may be true, but it does not establish a connection with Illinois, particularly because the contract does not call for plaintiff to work in Illinois. The contract provides for plaintiff to work remotely, meaning he could live and work wherever he chose. It is simply fortuitous that he lives in Illinois. His residency was unrelated to his employment duties, which included obtaining accounts across the nation. The evidence shows that he often travelled outside of Illinois to perform his job, and spent much of his time in California. Indeed, it appears that defendant's only contacts with Illinois (outside of the two meetings) are those of plaintiff. But it is defendant, not plaintiff, that must create the contacts with the forum state. Waldon, 134 S.Ct. at 1126. These contacts are far more attenuated than those that the Seventh Circuit found insufficient to support jurisdiction in Lakeside Bridge & Steel Co. v. Mountain State Construction Co., 597 F.2d 596 (7th Cir. 1976), the case that the Seventh Circuit uses as a benchmark for questions of personal jurisdiction in a contractual dispute. In

6

Lakeside, the court found no personal jurisdiction in Wisconsin even though the defendant had contracted and placed a purchase order with a Wisconsin manufacturer, and the terms of the contract explicitly stated that the plaintiff would manufacture and ship the goods from its plant in Milwaukee.  Consequently, the court concludes that defendant lacks sufficient minimum contacts with Illinois such that the exercise of jurisdiction over it would comply with the due process clause.  Defendant's motion to dismiss for lack of personal jurisdiction is granted.[1]

## CONCLUSION

For the reasons described above, defendant's motion to dismiss for lack of personal jurisdiction [6] is granted and the case is dismissed without prejudice.

**ENTER:** April 10, 2018

_____
**Robert W. Gettleman
United States District Judge**

---

[1] Because the court concludes that it lacks personal jurisdiction over defendant, it need not consider defendant's alternate arguments that venue is improper and the complaint fails to state a claim.